POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
APointer@LawyersFTP.com
PBuelna@LawyersFTP.com
LGray@lawyersFTP.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAYLEB HARDEE, an individual<br><br>Plaintiff,<br>v.<br><br>CITY & COUNTY OF SAN FRANCISCO, a municipal corporation; Deputy ABRAHAM ESCOBAR; Deputy 'FNU' JONES; Sergeant 'FNU' Lopez and DOES 1-50, inclusive.<br><br>Defendant(s). | Case No.:<br><br>**<u>COMPLAINT FOR DAMAGES</u>**<br>**(42 U.S.C. § 1983)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## INTRODUCTION

1. This civil rights action arises from the use of excessive force against Plaintiff KAYLEB HARDEE by Deputies Abraham Escobar, 'FNU' Jones, Sergeant 'FNU' Lopez and other yet-to-be-identified deputies of the San Francisco Sheriff's Department.

2. On or about October 17, 2025, Plaintiff Kayleb Hardee was an inmate at San Francisco County Jail #3, where he was being housed in administrative segregation. In an effort to instill fear and intimidate Plaintiff, Deputy Abraham Escobar stood outside of Plaintiff's cell and threatened Plaintiff saying, "I heard you got sentenced. You are going to be someone's bitch in prison. You are going to be my bitch here."

3. Then, without providing a reason, Deputy Escobar ordered Kayleb to go to the multipurpose room, a location hidden from cameras. After taking Kayleb to the laundry room, without lawful justification and/or provocation, Deputy Escobar immediately began punching Plaintiff. As Plaintiff attempted to defend himself from Deputy Escobar's unlawful assault, Deputy Escobar called for additional deputies to respond to the laundry room.

4. Plaintiff then surrendered, placing his hands in the air and dropping himself to the ground in a prone position, while verbally indicating an intention to surrender. Deputy Escobar then mounted Plaintiff's back and repeatedly punched Plaintiff's head.

5. Other yet-to-be-identified deputies, without provocation and/or justification, began to violently assault Kayleb, punching him in the face, spitting on him, jumping on his back, and kicking him. Sergeant 'FNU' Lopez then came into the room and watched as his deputies brutalized Kayleb.

6. As the deputies were beating Kayleb, Deputy 'FNU' Jones came into the room and tased Kayleb in the face. Kayleb's cries from the pain inflicted on him were so loud that inmates in other cells could hear him pleading with the deputies to stop their unlawful and unjustifiable abuse, telling them that he was not resisting.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

7. As a result of the unlawful and malicious attack, Kayleb has suffered both physically and psychologically. He has been forced to endure emotional distress, dealing with constant anxiety and terror from the trauma of being assaulted and battered. He has also had to heal from physical injuries.

**JURISDICTION**

8. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district.

9. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1367 over the state law claims, which are related to the federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the Unites States of America.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district, and all incidents, events, and occurrences giving rise to the action occurred in this district.

**PARTIES**

11. Plaintiff KAYLEB HARDEE (hereinafter "Plaintiff" or "Kayleb") is a competent adult, a resident of California, and a citizen of the United States.

12. Defendant CITY & COUNTY OF SAN FRANCISCO (hereinafter "Defendant CCSF") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that operates the San Francisco Sheriff's Department.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

13. Defendant ABRAHAM ESCOBAR (hereinafter "Deputy Escobar", "Escobar", or "Defendant Escobar") is a competent adult, a resident of California, and a citizen of the United States. At all relevant times, Defendant Escobar was an employee of Defendant CCSF.

14. Defendant 'FNU' JONES (hereinafter "Deputy Jones", "Jones" or "Defendant Jones") is a competent adult, a resident of California, and a citizen of the United States. At all relevant times, Defendant Jones was an employee of Defendant CCSF.

15. Defendant 'FNU' LOPEZ (hereinafter "Sergeant Lopez", "Lopez", or "Defendant Lopez") is a competent adult, a resident of California, and a citizen of the United States. At all relevant times, Defendant Lopez was an employee of Defendant CCSF.

16. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as Defendant DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Defendants DOES 1 through 50 are employees of Defendant CCSF. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendants DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and failure to intervene during an illegal arrest and search. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint to name Defendants DOES 1 through 50 when ascertained.

17. In committing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or color of law and within the course and scope of their

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

employment as law enforcement deputies for Defendant CCSF.

18. Due to the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted as the agents, servants, employees, and/or joint participants of Defendant CCSF and of one another in carrying out the conduct alleged herein.

## ADMINISTRATIVE PREREQUISITES

19. Plaintiff filed a timely government claim with Defendant CCSF on March 9, 2026, which was rejected on April 8, 2026.

## FACTUAL ALLEGATIONS

20. On or about October 17, 2025, Plaintiff was an inmate at San Francisco County Jail #3, where he was being housed in administrative segregation. As Plaintiff, who was recently sentenced to prison, sat in his cell, Defendant Escobar, while standing at his desk, began to target Plaintiff, yelling, "*I heard you got sentenced. You are going to be someone's bitch in prison. You are going to be my bitch here*."

21. Then, without explanation, Defendant Escobar ordered Plaintiff to go to the multipurpose room, adding "we're going to handle this the old San Bruno way." On information and belief, this statement was in reference to the widespread custom and practice within the San Francisco Jail system of deputies inflicting unnecessary injury and wanton pain on inmates without fear of discipline and/or investigation.

22. Fearful of consequence, Plaintiff complied. Since Plaintiff was housed in administrative segregation, he was not allowed out of his cell without handcuffs. However, Defendant Escobar did not handcuff Plaintiff, but instead, ordered and walked Plaintiff over to the multipurpose room and began to brutally beat Plaintiff.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

23. Without lawful justification and/or provocation, Defendant Escobar began to violently assault Plaintiff by spitting on Plaintiff and then grabbing Plaintiff's head and ramming his knee into it. When Plaintiff attempted to defend himself, Defendant Escobar called for backup. As the assault continued, Plaintiff realized he was helpless. Plaintiff lied down on the ground in a prone position with his hands up and told Deputy Escobar and others that he was not resisting and was giving up.

24. Nevertheless, Defendant Escobar continued his assault on Plaintiff by mounting Plaintiff's back and punching Plaintiff repeatedly on the head.

25. A yet-to-be-identified deputy entered the room and warned Defendant Escobar that he could lose his job for assaulting Plaintiff, undaunted, Defendant Escobar continued to attack Plaintiff.

26. Other yet-to-be-identified deputies entered the room and removed Defendant Escobar from off Plaintiff's back. Defendant Escobar then scurried out of the room, while the other yet-to-be-identified deputies continued the unlawful assault on Plaintiff by both punching and kicking Plaintiff all over Plaintiff's body.

27. On information and belief, the deputies only put handcuffs on Plaintiff so he could not physically shield himself from the blows, as the deputies continued their unlawful assault on Plaintiff even after Plaintiff was handcuffed.

28. At one point, Defendant Sergeant 'FNU' Lopez walked into the hidden room. Hoping that Defendant Lopez would step in to stop the assault, Plaintiff pleaded with him again, yelling to clearly indicate that he was not resisting. Defendant Lopez did not intervene, but instead, stood and watched as his deputies violently beat Plaintiff.

29. As the attack continued, Defendant Jones came into the cell and decided to join in on the barrage, tasing Plaintiff in the face as Plaintiff screamed out in pain.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

30. Plaintiff cried so loudly from the pain inflicted on him throughout the incident that inmates in other cells could hear him pleading with the deputies to stop their unlawful and unjustifiable assault. When the deputies had finished beating Plaintiff to their satisfaction, they brought the bloodied and beaten Plaintiff to another room, where they refused him aid and instead watched as he writhed in pain. Plaintiff was then placed in the hole for a day, where he again was denied medical treatment. Plaintiff only received medical treatment for his injuries several days after the incident. Ultimately and shockingly, the Sheriff's Department labeled the attack as "mutual combat".

31. As a result of the malicious and unlawful attack by Defendants Escobar, Jones, Lopez and yet-to-be-identified deputies, Plaintiff has suffered both physically and psychologically. Plaintiff sustained black eyes, burns on his face, holes in his skin, profuse bleeding, injured wrists, bruised ribs, and temporary loss of vision in one (1) eye. Plaintiff has been forced to endure emotional distress, dealing with constant anxiety and terror from the trauma of being brutally beaten.

## DAMAGES

32. As a direct and proximate result of each of the Defendant's unlawful use of excessive force, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as a United States Citizen.

33. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a. Pain and Suffering, including emotional distress;

b. Physical injuries;

c. Violation of constitutional rights; and

d. All damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

codes, and common law.

34. The conduct of Defendants was malicious, wanton, oppressive, and in reckless disregard for the rights and safety of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages against Defendants Escobar, Jones, Lopez and DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Eighth Amendment—Excessive Force under 42 U.S.C. § 1983)
*(Plaintiff against Defendants Escobar, Jones and DOES 1-25)*

35. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

36. Without warning or lawful justification, Defendants Escobar, Jones, and DOES 1-25 brutally beat Plaintiff, tasing him, punching, kicking, and spitting on him even though he posed no threat. Under these circumstances, the force used against Plaintiff was objectively unreasonable and unnecessary under the Eighth Amendment.

37. Defendants Escobar, Jones, and DOES 1-25 acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline, thereby violating both their training and Plaintiff's constitutional rights under the Eighth Amendment.

38. As a result of Defendants Escobar's, Jones's, and DOES 1-25's conduct, Plaintiff was physically and emotionally injured. Plaintiff's injuries were a direct and proximate result of Defendants Escobar's, Jones's, and DOES 1-25's unreasonable uses of force.

39. As a result of their conduct, Defendants Escobar, Jones, and DOES 1-25 are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**SECOND CAUSE OF ACTION**
**(Eighth Amendment—Failure to Intervene under 42 U.S.C. § 1983)**
(*Plaintiff against Defendants Lopez and DOES 26-40*)

40. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

41. At all relevant times, Defendants Lopez and DOES 26 through 40 were acting under color of state law and within the course and scope of their employment as law enforcement deputies for Defendant CCSF.

42. During the incident described herein, Defendant Lopez and one or more DOE Defendant deputy observed or otherwise knew that Defendants Escobar, Jones, and DOES 1-25 were using objectively unreasonable and excessive force against Plaintiff, including forcefully kicking, punching, and tasing Plaintiff and continuing to use force while Plaintiff was being restrained, remained compliant, was unarmed, and posed no immediate threat to the deputies and/or others.

43. Defendants Lopez and DOES 26-40 had a realistic and reasonable opportunity to prevent, stop, or mitigate the use of excessive force against Plaintiff, but deliberately or recklessly failed to intervene despite having sufficient time and opportunity to do so.

44. By failing to intervene, Defendants Lopez and DOES 26-40 acquiesced in the constitutionally defective conduct as part of a common plan with those deputies whose conduct constituted a violation of Plaintiff's rights, thereby themselves violating Plaintiff's clearly established rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

45. As a direct and proximate result of Defendants Lopez's and DOES 26 through 40's failure to intervene, Plaintiff suffered the physical injuries, emotional distress, pain and suffering, and other damages alleged herein.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

46. The conduct of Defendants Lopez and DOES 26 through 40 was intentional, reckless, malicious, and undertaken with conscious disregard for Plaintiff's constitutional rights, thereby entitling Plaintiff to recover compensatory damages, punitive damages against the individual Defendants, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Municipal Liability (*Monell*)—42 U.S.C. § 1983)**
(*Plaintiff against Defendant CCSF*)

47. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

48. Defendants Escobar, Jones, and DOES 1-25, inflicted unnecessary and wanton pain and injury on Plaintiff without any penological justification while Defendants Lopez and DOES 26-40 stood idly by allowing and/or encouraging the shocking infliction of wanton pain and injury.

49. Defendant CCSF was aware of a pattern of unconstitutional conduct involving deputy-employees of Defendant CCSF inflicting, and encouraging the infliction of, unnecessary and wanton pain and injury on inmates within San Francisco County jails. Examples include:

a. On April 27, 2026, Casanova Soloman, a detainee at San Francisco County Jail #3, arrived back at his cell from a court appearance when he heard his cellmate arguing with a custodial deputy, stating that Soloman was not welcome in the cell. The Deputy ignored the statements and Placed Soloman in the cell while still in handcuffs. The cellmate, who was not handcuffed, started punching and kicking Soloman in the face. The deputy failed to stop the attack and stood idly by and watched as Soloman was beaten unconscious for several minutes, resulting in injuries to Soloman's eyes and brain. *Soloman v. Tu*, No. 3:26-cv-04065-RFL.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

b. On January 16, 2026, San Francisco County Jail Deputy Mohamed punched inmate Elijah Cooper in the face while Copper's hands were handcuffed behind his back, resulting in Cooper suffering a black eye. *Cooper v. State of California*, No. 5:26-cv-01605-EJD.

c. On October 10, 2025, inmate Matt Scott was physically and verbally assaulted by San Francisco County Jail deputies after Scott questioned fingerprinting staff why it was talking so long for him to be booked. After hearing Scott's comments, a jail lieutenant came out of his office and said, "fuck that, cuff him up!", and numerous deputies grabbed Scott, marched him to a holding cell, shoved him to the ground and punched Scott all over his body. *Scott v. Latavia*, No. 3:26-cv-00391-LJC.

d. On July 6, 2024, San Francisco County Jail deputies approached inmate Herman Tamrat in his cell and tried to give Tamrat the wrong food. Tamrat corrected them but the deputies stated that he refused and attempted to shut the cell's tray slot. Tamrat placed his hand in the food slot and asked to speak with the deputies' supervisor. The deputies grabbed Tamrat's wrist, began slamming it into the slot's sharp metal edges, and maneuvered Tamrat's wrist in an attempt to break it. *Tamrat v. Singh*, No. 3:24-cv-08591-TLT.

e. On May 2, 2024, inmate Jeffery Walker was asleep in his cell when several San Francisco County Jail deputies entered Walker's cell and severely beat him. *Walker v. Adams*, No. 5:24-cv-03314.

f. On April 29, 2023, San Francisco County Jail deputies allowed a prisoner out of his cell while inmate Kiemariah Richmond's hands were handcuffed behind his back and permitted the prisoner to assault Richmond. The deputies sprayed Richmond with oleoresin capsicum, told their lieutenant that Richmond provoked the attack, and did

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

not provide Richmond with medical assistance after the attack. Later, on September 1, 2024, two deputies moved Richmond to a safety cell, attacked him, removed his clothing, and told Richmond to dress in a smock. The deputies then dragged Richmond in a wheelchair by his neck. *Richmond v. City & County of San Francisco*, No. 5:25-cv-05545-BLF.

g. On September 14, 2020, inmate Julius Berry was being rehoused when several deputies slammed him into the wall face first, twisted his arms, and dragged him into a security cell. While inside the cell, approximately five deputies forcibly stripped Berry of his clothes, beat him, and told him that he needed to "shut up if [he]wanted to get out." While Berry was naked on the ground, several guards grabbed his buttocks and laughed at him. *Berry v. Escobar*, 4:21-cv-05028-YGR.

h. On April 18, 2017, San Francisco County Jail deputies intentionally left inmate Lance Gardner's cell unlocked so he would be attacked by another inmate. The other inmate entered Gardner's cell through the unlocked cell door and attacked Gardner without provocation for 3-4 minutes, punching and slamming Gardner's head into the floor. *Gardner v. Hennessy*, No. 3:19-cv-01681-EMC.

i. On February 21, 2014, inmate Leonard Colvin was handcuffed by two unknown San Francisco County Jail deputies wearing black leather gloves and was taken to a mattress room in the jail. The deputies ordered Colvin to get undressed and to get on his knees. The deputies told Colvin that his cellmate was making prank telephone calls to one of the deputies' wife and told Colvin that they were "going to whoop [his] ass and fuck [him] up." The deputies beat Colvin and told him that they were not afraid of him filing a grievance because they were going to "whoop [his] ass or kill [him] and aint nobody gonna do nothing about it." The deputies threatened to label

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

Colvin as a snitch if he reported the beatings and threats. *Colvin v. San Francisco Sheriff Dep't*, No. 3:14-cv-05400-LB.

j. On August 13, 2013, five San Francisco County Jail deputies brutally beat inmate Vincent Bell while Bell was outside of his cell after returning from the shower in his wheelchair. The deputies forced Bell to hop on his remaining leg for over 100 feet to his safety cell and, once inside, beat him up again. *Bell v. Krol*, No. 3:13-cv-05820-SI.

50. Defendant CCSF was also aware that Defendant Escobar had a history of violent incidents with inmates housed within San Francisco County Jail. Several months before his attack on Plaintiff, Defendant Escobar and other deputies severely beat inmate Jamaine Sanders while Sanders was handcuffed, leaving Sanders unable to see and lying in a pool of his own blood.[1]

51. The unconstitutional actions and/or omissions of Defendants Escobar, Jones, Lopez, DOES 1-40, and other CCSF deputy-employees, as described above, were approved, tolerated, and/or ratified by policy-making officials for CCSF including the Sheriff and/or City Manager. Plaintiff is informed and believes and thereupon alleges the details of this incident, as well as the numerous other incidents of inflicting unnecessary and wanton pain on inmates, some of which are detailed above, have been revealed to final policy makers within Defendant CCSF and, notwithstanding this knowledge, the final policy makers approved Defendants Escobar's, Jones's, Lopez's and DOES 1-25's grossly excessive use of force against Plaintiff and chose not to investigate nor discipline any of the involved deputies. By doing so, the policy makers have shown affirmative agreement with Defendants' actions and ratified Defendants' unconstitutional acts and, in doing so, have shown all deputies employed by Defendant CCSF that they will not be investigated nor punished for the gratuitous use of force on inmates.

---

[1] https://sfstandard.com/2026/04/24/sf-deputy-lawsuit-inmate-beating-investigation/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

52. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights.

53. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

54. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendant CCSF as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney's fees as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligence)**
(*Plaintiff against Defendants Escobar, Jones, Lopez and DOES 1-25*)

55. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

56. At all times, Defendants Escobar, Jones, Lopez, and DOES 1 through 25 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

57. At all times, Defendants Escobar, Jones, Lopez, and DOES 1 through 25 owed Plaintiff the duty to act with reasonable care.

58. These general duties of reasonable care and due care owed to Plaintiff by Defendants included but are not limited to the following specific obligations:

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

a. To refrain from employing excessive force;

b. To stop other deputies from using objectively unreasonable force;

c. To refrain from escalating a non-threatening encounter into a violent confrontation;

d. To refrain from abusing the authority granted to them by law;

e. To refrain from violating Plaintiff's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

59. Defendants Escobar, Jones, Lopez, and DOES 1 through 25, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

60. Defendants Escobar's, Jones's, Lopez's, and DOES 1- 25's acts were done within the scope of their employment as sheriff's deputies for Defendant CCSF.

61. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Negligent Hiring, Supervision, or Retention)**

(*Plaintiff against Defendants DOES 41-50*)

62. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

63. On information and belief, Defendants DOES 41-50, employees of Defendant CCSF, who were in charge of hiring, supervising, and firing deputies employed to work in San Francisco County Jail No. 3, became aware that Defendant Escobar and Defendant Jones were violently assaulting San Francisco County Jail inmates, including sexually assaulting a transgender woman approximately one month before this incident. As such, Defendants DOES 41-50 knew or should have known that Defendants Escobar and Jones were unfit and/or incompetent to work as a deputy or

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

to interact with inmates without creating a substantial risk that Defendant Escobar and Defendant Jones would unlawfully attack and/or sexually assault inmates.

64. Defendants Escobar and Jones's unfitness and incompetence directly harmed Plaintiff when Defendants made sexual threats to Plaintiff and brutally attacked Plaintiff.

65. Defendants DOES 41-50's negligence in retaining and failing to supervise Defendant Escobar and Defendant Jones after Defendants DOES 26-50 became aware of Defendants' violent and unjustified assaults was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Defendants Escobar, Lopez, Jones, and DOES 1-25)*

66. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

67. Plaintiff brings his "Bane Act" claim individually for the direct violation of his own rights.

68. By their conduct described herein, Defendants Escobar, Jones, Lopez and DOES 1-25, acting in concert, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

a. The right to be free from excessive force.

69. The threats, physical force, and coercive conduct employed by Defendants constituted the independent threats, intimidation, and coercion required by Civil Code § 52.1.

70. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

71. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**(***Plaintiff against Defendants Escobar, Lopez, Jones, and DOES 1-25***)**

72. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

73. Defendants Escobar's, Jones's, Lopez's, and DOES 1-25's unprovoked and unjustifiable assault of Plaintiff constituted outrageous conduct.

74. Through statements such as, "You'll be my bitch in here" and the malicious beating of Plaintiff, Defendants Escobar, Jones, Lopez, and DOES 1-25 intended to cause Plaintiff emotional distress.

75. As a result of Defendants Escobar's, Jones's, Lopez's, and DOES 1- 25's brutal attack on Plaintiff, Plaintiff has suffered severe emotional distress including anxiety and terror.

76. Defendants Escobar's, Jones's, Lopez's, and DOES 1- 25's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**<u>JURY DEMAND</u>**

1. Plaintiff hereby demands a jury trial in this action.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, in a sum to be determined according to proof;

3. For punitive damages against the individual Defendants according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988; the Bane Act's fee provision; and as otherwise allowed by California and/or federal law;

5. All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6. For the cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: September 15, 2026

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ *Lateef Gray*
LATEEF GRAY
Attorney for PLAINTIFF